UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY M. MONCION,

                              Plaintiff,

        -against-

STEPHEN SONDHEIM THEATER,

                              Defendant.

22-CV-1025 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that that she was discriminated against and underpaid. By order dated February 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. Id. at 678 (citing Twombly, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. Id.

## BACKGROUND

Plaintiff filed this complaint on February 4, 2022, against the Stephen Sondheim Theater. In it, she alleges the following facts. In September 2018, an unidentified company sent Plaintiff to clean the theater. After "about two month[s]," the "boss from the company" told Plaintiff that the supervisor at the theater did not want her working there anymore, and she was fired. (ECF 2 at 8.) Plaintiff asserts that she did the work that she was asked to do, and therefore the only explanation for what occurred is that someone at the company or the theater discriminated against her. (Id.) Plaintiff does not specify the basis for the alleged discrimination. Plaintiff also claims that she was not paid all of the money to which she was entitled. Plaintiff seeks $50,000 in damages. (Id.)

## DISCUSSION

### A.      Discrimination claim

Federal antidiscrimination statutes prohibit employers from mistreating an individual because of the individual's protected characteristics, Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007), which may include the individual's race, color, sex, age, or disability. Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to

unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) a protected trait, such as her race, color, sex, age, or disability was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). As to the second element, a plaintiff alleging age discrimination must also allege "that the relevant protected trait 'was the 'but-for' cause of the employer's adverse action.'" *Mazzeo v. Mnuchin*, 751 Fed. Appx. 13, 14 (2d Cir. 2018) (quotation omitted). The plaintiff may state a claim by "alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega,* 801 F.3d at 87.

The Court construes Plaintiff's complaint as asserting an employment discrimination action. Plaintiff alleges that her firing after two months of work must have been discriminatory because she did all the work she was asked to do. While being fired constitutes an adverse employment action, Plaintiff does not provide facts showing that her firing was in fact discriminatory. Plaintiff does not allege the basis for the discrimination (for example, her race or age), and she makes no allegations suggesting that she was fired because of a protected characteristic such as her race or age. Accordingly, the facts alleged do not give rise to a plausible claim of employment discrimination under Rule 8. *See Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (applying the plausibility standard to employment discrimination complaints and suggesting that "at a minimum, employment discrimination

claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a *prima facie* case is not required").

The Court grants Plaintiff leave to submit an amended complaint to provide facts in support of her discrimination claim.[1]

**B.    Wage claim**

The Court construes Plaintiff's allegation that she was underpaid as arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq*. The FLSA seeks to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). It does so in part by setting substantive wage, hour, and overtime standards. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011).

The statute requires all employers to pay each of their employees "not less than" the prevailing minimum wage. 29 U.S.C. § 206(a)(1). In order to establish liability under the FLSA for unpaid minimum wages, a plaintiff must show that "the amount of compensation [she] received [] results in a straight-time hourly rate that is less than the applicable federal minimum wage." *Gordon v. Kaleida Health*, 847 F. Supp. 2d 479, 490 (W.D.N.Y. 2012); *see also Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140 (RLM), 2011 WL 2133825, at *5 (E.D.N.Y. May 26, 2011) ("[F]or non-overtime wages, the FLSA requires only that employers pay the minimum wage rates set by federal law."). Ultimately, a FLSA plaintiff seeking wage recovery "must prove that [s]he performed work for which [s]he was not properly compensated, and that the employer

---

[1] Attached to this order is an Amended Complaint for Employment Discrimination form, which contains information about the federal antidiscrimination statutes.

had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).

Plaintiff's vague allegation that she was not paid the amount of money she was owed does not state a FLSA claim. It is not clear whether Defendant Stephen Sondheim Theatre employed Plaintiff or the unidentified company that instructed Plaintiff to clean Defendant's theatre.  Moreover, the complaint does not contain facts showing that one of these two entities failed to pay her the federal minimum wages for work performed.[2] If Plaintiff files an amended complaint, she may also provide additional facts in support of a FLSA claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

[2] The complaint suggests that at least some of Plaintiff's claims may be untimely. *See, e.g.,* 29 U.S.C. § 255(a) (providing that the limitations period for a claim under the FLSA is two years or, if an employer willfully violates the FLSA, the limitations period extends to three years). Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds). Because it is not clear that Plaintiff can state a claim, the Court will address the issue of timeliness at a later stage.

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**LITIGATION HISTORY**

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

A review of the Court's docket shows that Plaintiff filed other *pro se* complaints in this Circuit in which she asserted discrimination claims. *See Moncion v. City of New York*, ECF 1:20-CV-8974, 11 (LLS) (S.D.N.Y. June 1, 2021) (dismissing claims arising in this District for failure to state a claim and transferring remaining claims to the Eastern District of New York); *Moncion v. City of New York*, ECF 1:20-CV-2346, 10 (LLS) (S.D.N.Y. May 12, 2021) (dismissing complaint for failure to state a claim); *Moncion v. Northwell*, ECF 1:21-CV-377 (E.D.N.Y. Apr. 7, 2021) (dismissing complaint for failure to state a claim). In light of this litigation history, the Court notes that Plaintiff should be aware of the pleading standard in a discrimination action. *See Sledge*, 564 F.3d at 109-110.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1025 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such

failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 25, 2022
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____    _____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.